**Nos. 25-7916, 25-7917**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

KATHLEEN WILKINSON, ET AL.,

*Plaintiffs-Appellees,*

*v.*

META PLATFORMS, INC., ET AL.,

*Defendants-Appellants*.

FRANK CUSTODERO, ET AL.,

*Plaintiffs-Appellees,*

*v.*

APPLE INC.

*Defendant-Appellant*.

On Appeal from the United States District Court for the Northern District of California
(Nos. 5:21-md-03001, 5:21-cv-02777, 5:21-md-02985)
The Honorable Edward J. Davila

# DEFENDANTS-APPELLANTS' MOTION FOR ADDITIONAL ORAL ARGUMENT TIME

Pursuant to Federal Rule of Appellate Procedure 34(b), Defendants-Appellants Google LLC and Google Payment Corp. ("Google"), Meta Platforms, Inc. ("Meta"), and Apple Inc. ("Apple") (collectively, "Defendants") move for additional oral argument time in these consolidated appeals. Defendants respectfully request that the Court enlarge the amount of oral argument time allotted to each side

from 15 minutes to 30 minutes. Plaintiffs take no position on this motion.

In support of their motion, Defendants state as follows:

1. These appeals arise from Plaintiffs' contention that, by failing to block third-party developers from distributing virtual chips within "social casino apps" to users in exchange for pay, the platforms violated state anti-gambling laws. Plaintiffs filed multiple putative class actions across the country against Google and Apple, which were centralized for pretrial purposes in the Northern District of California as multidistrict litigations. Those MDLs, along with two similar class actions against Meta, were coordinated in the district court. Defendants moved to dismiss under Section 230 of the Communications Decency Act, 47 U.S.C. § 230, which "protect[s] internet-based publishers of third party content from liability," *Doe 1 v. Twitter, Inc.*, 148 F.4th 635, 640 (9th Cir. 2025). The district court denied Defendants' motions in relevant part but certified its orders for immediate interlocutory review.

2. This Court granted Defendants' petitions for interlocutory review under 28 U.S.C. § 1292(b). But after briefing and oral argument, the Court dismissed the appeals for lack of jurisdiction, reasoning that it could not resolve the appeals until the district court applied its Section 230 ruling to each of Plaintiffs' causes of action. *See* Dkt. No. 97-1 at 6-8, *Wilkinson, et al. v. Facebook, Inc.*, No. 22-16888 (9th Cir. May 21, 2024). On remand, the district court again held that Section 230 does not

bar Plaintiffs' claims, applied its analysis to each claim, and again certified its order for immediate interlocutory review.

3. Google and Meta filed a joint petition seeking interlocutory review of the district court's order on remand. *See* Dkt. No. 1.1, *Wilkinson, et al. v. Meta Platforms, Inc., et al.,* No. 25-6436 (9th Cir. Oct. 10, 2025). Apple filed its own § 1292(b) petition. *See* Dkt. No. 1.1, *Custodero, et al. v. Apple Inc.*, No. 25-6437 (9th Cir. Oct. 10, 2025). On December 16, 2025, this Court granted both petitions. *See* Dkt. No. 13.1, *Wilkinson*, No. 25-6436 (9th Cir. Dec. 16, 2025); Dkt. No. 14.1, *Custodero*, No. 25-6437 (9th Cir. Dec. 16, 2025). The two appeals were docketed separately. *See* Nos. 25-7916, 25-7917.

4. On June 3, 2026, Plaintiffs filed an unopposed motion to consolidate the two appeals. Dkt. No. 54.1.[1] In that motion, Plaintiffs stated that they did "not object to Defendants' filing separate reply briefs," nor did "they intend to suggest that consolidation should affect Defendants' allotted time at oral argument or any [D]efendant's ability to present its own oral argument." *Id.* at 3. On June 9, 2026, this Court granted Plaintiffs' motion and consolidated the appeals but did not address the allocation of oral argument time. Dkt. No. 56.1. Google, Meta, and Apple each filed separate opening briefs and separate reply briefs.

---

[1] Unless otherwise indicated, citations to "Dkt. No." refer to the docket in *Wilkinson, et al. v. Meta Platforms, Inc., et al.* (No. 25-7916).

5. On September 6, 2026, after the conclusion of briefing, this Court noticed the consolidated appeals for oral argument on November 17, 2026. Dkt. No. 76. The relevant oral argument calendar indicates that each side has been allotted 15 minutes for argument. Defendants now move for an additional 15 minutes of oral argument time, or a total of 30 minutes, for each side. Defendants sought Plaintiffs' position on the motion, and Plaintiffs indicated that they take no position.

6. Additional oral argument time is warranted because these appeals present consequential issues regarding the proper application of Section 230 in the context of online platforms' activities in distributing content for pay and arise from separate claims against three defendants. As the district court recognized in *sua sponte* certifying its order for interlocutory appeal, the Section 230 issues presented by these cases are "importan[t]," and while the court concluded that Section 230 does not apply, "[a]nother court may well have come out differently." Dkt. No. 154 at 35, *In re: Google Play Store Simulated Casino-Style Games Litigation*, No. 5:21-md-03001 (N.D. Cal. Sept. 30, 2025). The district court acknowledged that, under this Court's precedents, Section 230 applies if "monitoring of third-party content [is] necessary to comply with the duties implicated by Plaintiffs' claims" but expressed confusion about "how to determine necessity." *Id.* And the court stated that this Court's recent Section 230 precedents "present[] serious theoretical concerns." *Id.* As reflected in Defendants' separate opening and reply briefs, each Defendant raises

related but distinct arguments as to why the district court's holding was wrong. Defendants respectfully submit that each Defendant should be afforded the opportunity to present oral argument in support of its appeal, and that additional oral argument time would aid the Court in its consideration of the consequential legal issues presented by these appeals.

7. This Court already recognized that the Section 230 issues presented here warrant additional oral argument time in the first round of interlocutory appeals. As it did here, the Court first consolidated the appeals. Dkt. No. 55, *Wilkinson*, No. 22-16888 (9th Cir. Dec. 5, 2023). After the consolidated appeals were noticed for oral argument, the Court issued a *sua sponte* order directing that "Defendants collectively are allotted 30 minutes for argument," with each Defendant presumptively "allotted 10 minutes," and "Plaintiffs are allotted 30 minutes for argument." Dkt. No. 78, *Wilkinson*, No. 22-16888 (9th Cir. Feb. 23, 2024). Because the pending appeals present the same Section 230 issues involving the same Plaintiffs and same three Defendants, 30 minutes of argument time for each side is likewise warranted here.

8. Moreover, absent consolidation, the Defendants would likely have been allotted 15 minutes for each of the two appeals, for a total of 30 minutes. Defendants did not oppose Plaintiffs' motion to consolidate on the understanding that consolidation would not "affect Defendants' allotted time at oral argument or any

[D]efendant's ability to present its own oral argument." Dkt. No. 54.1 at 3. Therefore, limiting oral argument to 15 minutes per side based on the consolidation of the appeals would prejudice Defendants. If granted 30 minutes of argument time, Defendants intend to each present for 10 minutes, while avoiding duplicative argument to the extent feasible.

For these reasons, Defendants respectfully request that this Court expand the oral argument time allotted to each side from 15 minutes to 30 minutes.

Dated: October 13, 2026

Respectfully submitted,

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar
Ephraim A. McDowell
Alexander J. Kasner
Elias S. Kim
COOLEY LLP
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC 20004
(202) 839-7800
eprelogar@cooley.com

Teresa Michaud
COOLEY LLP
335 South Grand Avenue, Suite 900
Los Angeles, CA 90071
(213) 561-3250

Connie L. Wang
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304
(650) 843-5000

Brian M. Willen
WILSON SONSINI GOODRICH
& ROSATI, P.C.
1301 Sixth Ave, 40th Floor
New York, NY 10019
(212) 999-5800

Lauren Gallo White
WILSON SONSINI GOODRICH
& ROSATI, P.C.
One Market Plaza, Suite 3300
San Francisco, CA 94105
(415) 947-2000

*Counsel for Defendants-Appellants Google LLC and Google Payment Corp.*

Theodore J. Boutrous, Jr.
Christopher Chorba
Timothy Loose
Patrick J. Fuster
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
(213) 229-7000

Kristin A. Linsley
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center
Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200

*Counsel for Defendant-Appellant Meta Platforms, Inc.*

Marina A. Masterson
WEIL, GOTSHAL & MANGES LLP
1395 Brickell Avenue
Suite 1200
Miami, FL 33131
(305) 577-3168

Mark A. Perry
Zachary D. Tripp
Crystal L. Weeks
WEIL, GOTSHAL & MANGES LLP
2001 M Street NW
Suite 600
Washington, DC 20036
(202) 682-7000

*Counsel for Defendant-Appellant Apple Inc.*

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limits set out in Ninth Circuit Rules 27-1 and 32-3 because it contains 1,073 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: October 13, 2026

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2026, I filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

Dated: October 13, 2026

*/s/ Elizabeth B. Prelogar*
Elizabeth B. Prelogar